```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VOTO   LATINO,   WATAUGA   COUNTY    )
VOTING RIGHTS TASK FORCE, DOWN       )
HOME NORTH CAROLINA, and SOPHIE      )
JAE MEAD,                            )
                                     )
               Plaintiffs,           )
                                     )
          v.                         )
                                     )
ALAN HIRSCH, in his official         )
capacity as Chair of the State       )
Board  of  Elections,  JEFF          )
CARMON,  in  his  official           )
capacity as Secretary of the         )
State  Board  of  Elections,         )
STACEY EGGERS IV, in his             )
official capacity as Member of       )
the State Board of Elections,        )
KEVIN N. LEWIS, in his official      )
capacity as Member of the State      )
Board  of  Elections, SIOBHAN        )
O'DUFFY MILLEN, in her official      )
capacity as Member of the State      )
Board  of  Elections,  KAREN         )
BRINSON BELL, in her official        )
capacity as Executive Director       )
of  the  State  Board  of            )
Elections, MICHAEL BEHRENT,          )
in his official capacity as          )
Chair of the Watauga County          )
Board of Elections, ERIC ELLER,      )
in his official capacity as          )      1:23-CV-861
Member of the Watauga County         )
Board  of  Elections,  MATT          )
WALPOLE,  in  his  official          )
capacity as Member of the            )
Watauga  County  Board  of           )
Elections,  LETA  COUNCILL,          )
in her official capacity as          )
Member of the Watauga County         )
Board of Election, and ELAINE        )
ROTHENBERG, in her official          )
capacity as Member of the            )
                                     )
```

| | )|
|---|---|
| Watauga County Board of Elections, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| REPUBLICAN NATIONAL COMMITTEE, NORTH CAROLINA REPUBLICAN PARTY, VIRGINIA A. WASSERBERG, and BRENDA M. ELDRIDGE, | ) |
| | ) |
| Defendant-Intervenors. | ) |

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss by Defendant-Intervenors Senator Philip E. Berger and Speaker Timothy K. Moore ("Legislative Intervenors"). (Doc. 65.) Plaintiffs Voto Latino, Watauga County Voting Rights Task Force, Down Home North Carolina, and Sophie Jae Mead have responded in opposition (Doc. 74), Legislative Intervenors have replied (Doc. 75), and Plaintiffs have filed a surreply (Doc. 79) with leave to file from the court

2

(Doc. 78).

Plaintiffs plead two counts in their complaint, (1) denial of due process in violation of the Fourteenth Amendment to the U.S. Constitution, and (2) undue burden on the right to vote in violation of the First and Fourteenth Amendments to the U.S. Constitution. (Doc. 1 ¶¶ 83-98.) Specifically, Plaintiffs challenge recent changes to North Carolina's address verification system for same-day registrants, which were enacted in 2023 N.C. Sess. Law 140, commonly referred to as "S. 747." Plaintiffs seek declaratory and injunctive relief as well as costs and attorneys' fees. (Id. at 35.)

On January 21, 2024, the court issued a memorandum opinion and order that found that Plaintiffs were likely to succeed on the merits of their claims and preliminarily enjoined the North Carolina State Board of Elections ("NCSBE") and others from

> utilizing the procedures of N.C. Gen. Stat. § 163-82.6B(d) to remove from the official count the votes of the ballot of any voter who has provided contact information in the registration process and whose first notice required under N.C. Gen. Stat. § 163-82.7(c) is returned by the Postal Service as undeliverable before the close of business on the business day before the canvass, <u>without first providing such voter notice and an opportunity to be heard.</u>

(Doc. 68 at 93-94); Voto Latino v. Hirsch, No. 1:23-CV-861, 2024 WL 230931, at *31 (M.D.N.C. Jan. 21, 2024).

On January 29, 2024, the NCSBE issued an update to Numbered Memo 2023-05 that outlines the procedure that it represents is

3

intended to bring S. 747 into compliance with the court's order. (Doc. 72-1.) NCSBE states that it did so by invoking its authority under North Carolina General Statute § 163-22.2, which authorizes it to "make reasonable interim rules and regulations" when a court holds that an election regulation is unconstitutional or unenforceable. (Id. at 1 n.2.) Per the statute, such rules "shall become null and void 60 days after the convening of the next regular session of the General Assembly." N.C. Gen. Stat. § 163-22.2.

Legislative Intervenors' present motion to dismiss was filed on January 16, 2024, and thus predates the court's preliminary injunction order. (Doc. 65.)[1] The motion challenges Plaintiffs' standing, and in the alternative, seeks dismissal of Plaintiffs' complaint for failure to state a claim. (Doc. 66 at 4, 11.)

For the same reasons set out in this court's preliminary injunction order, Plaintiffs have standing. (Doc. 68 at 26-36.) Moreover, Legislative Intervenors have not demonstrated, as argued in their reply brief, that the interim rule moots the complaint. (Doc. 75 at 2 (stating that there is "no longer a live case or controversy that the Court can redress" following the interim rule)); Roman Cath. Diocese of Brooklyn v. Cuomo, 592 U.S. 14, 20

---

[1] State Board Defendants and Watauga County Board of Elections Defendants filed answers in lieu of motions to dismiss. (Doc. 67, 73.) The Republican Party Intervenors were granted permissive intervention in this case on November 15, 2023. (Minute Entry, Nov. 15, 2023.) They have not, however, filed any responsive pleading.

4

(2020) (per curiam) (holding that claim is not moot where state could revert to challenged conduct); Deal v. Mercer Cnty. Bd. of Educ., 911 F.3d 183, 192 (4th Cir. 2018) ("[W]e have held a defendant does not meet its burden of demonstrating mootness when it retains authority to reassess the challenged policy at any time." (internal quotation marks and citation omitted)). While the interim rule from the NCSBE is presently in place, it remains temporary by operation of the statutory authority for its adoption. N.C. Gen. Stat. § 163-22.2.

The court also finds that Plaintiffs have stated a plausible claim for relief. The plausibility standard is lower than the preliminary injunction standard, which requires a showing of a likelihood of success. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement[.]'"); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). For many of the reasons set forth in the court's extensive analysis of Plaintiffs' likelihood to succeed on the merits (Doc. 68 at 45-83), and after careful review of the briefing on this motion, the court concludes that Legislative Intervenors have not shown they are entitled to dismissal.

Legislative Intervenors argue in their motion to dismiss that the appropriate test to apply to both counts of Plaintiffs'

5

complaint is that set out in Anderson v. Celebrezze, 460 U.S. 780 (1983) and Burdick v. Takushi, 504 U.S. 428 (1992), commonly called "Anderson-Burdick."  (Doc. 66 at 12.)  Plaintiffs, as they did on preliminary injunction, contend that the proper test is under Mathews v. Eldridge, 424 U.S. 319 (1976).  (Doc. 74 at 22 n.6.) The court addressed these arguments at length on the motions for preliminary injunction and reasoned that the appropriate test is Anderson-Burdick.  (Doc. 68 at 45-52.)  In a footnote, the court observed that the outcome of the motion for preliminary injunction would likely be the same if the court applied Eldridge.  (Id. at 52 n.25.)  The same could be said on this motion to dismiss, too. While a denial of a motion to dismiss does not formally create "law of the case," the court has carefully considered this issue after extensive briefing across three cases and, absent an intervening change in law, finds it unlikely that Eldridge will apply to the claims in this litigation.  See, e.g., Plotkin v. Lehman, 178 F.3d 1285 (Table), No. 98-1638, 1999 WL 259669, at *1 (4th Cir. Apr. 30, 1999) (per curiam) (noting that "[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case" (quoting Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994))); Columbia Gas Transmission, LLC v. Ott, 984 F. Supp. 2d 508, 523 (E.D. Va. 2013).

    For the reasons stated, therefore,

6

IT IS ORDERED that Legislative Intervenors' motion to dismiss (Doc. 65) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

April 2, 2024