UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VOTO LATINO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN HIRSCH, in his official capacity as Chair of the State Board of Elections, et al.,<br><br>    Defendants. | Case No. 1:23-cv-861-TDS-JEP |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN HIRSCH, in his official capacity as Chair of the State Board of Elections, et al.,<br><br>    Defendants. | Case No. 1:23-cv-862-TDS-JEP |

**STIPULATION AND CONSENT JUDGMENT**

The Voto Latino Plaintiffs (Voto Latino, The Watauga County Voting Rights Task Force, Down Home North Carolina, and Sophie Mead); the DNC Plaintiffs (Democratic National Committee and North Carolina Democratic Party); the State Board Defendants (Karen Brinson Bell, Alan Hirch, Jeff Carmon, Stacy Eggers IV, Kevin Lewis, and Siobhan O'Duffy Millen), the Watauga County Board Defendants (Michael Behrent, Eric Eller, Matt Walpole, Leta Councill, and Elaine Rothenberg); the Legislative Intervenors (Philip E. Berger and Destin Hall); and the RNC

Intervenors (Republican National Committee, North Carolina Republican Party, Virginia A. Wasserberg, and Brenda M. Eldridge) collectively (the "Consent Parties") stipulate to the following and request that this Court approve this Consent Judgment. This Stipulation and Consent Judgment encompasses Plaintiffs' claims against the final sentence of Section 10.(a), subsection (d) of 2023 Senate Bill 747 (the "Undeliverable Mail Provision"), codified at N.C. Gen. Stat. § 163–82.6B(d), which requires that a same-day registrant's registration be denied and their ballot be removed if the first address verification mailing required under N.C.G.S. 163-82.7(c) (the "Address Verification Mailing") is returned as undeliverable by the United States Postal Service.

## I.
## RECITALS

**WHEREAS** on October 10, 2023, the North Carolina General Assembly enacted Senate Bill 747 ("S747") over the Governor's veto. The bill includes the "Undeliverable Mail Provision," which applies to same-day registrants and states: "Notwithstanding any other provision of this Chapter, if the Postal Service returns the first notice required under G.S. 163-92.7(c) as undeliverable before the close of business on the business day before canvass, the county board shall not register the applicant and shall retrieve the applicant's ballot and remove that ballot's votes from the official count." N.C. Gen. Stat. § 163–82.6B(d).

2

**WHEREAS** Plaintiffs filed their respective complaints on October 10, 2023;

**WHEREAS** the Undeliverable Mail Provision took effect on January 1, 2024;

**WHEREAS** on January 21, 2024, this Court preliminarily enjoined the State Board Defendants from utilizing the procedures of the Undeliverable Mail Provision without first providing same-day registrants with notice and an opportunity to be heard, *see* ECF No. 68 at 93–94.

**WHEREAS** on January 29, 2024, State Board Defendants reissued Numbered Memo 2023-05, which governs same-day registration procedures, to provide notice and opportunity to be heard for same-day registrants, pursuant to the Court's Order, *see* Notice, ECF No. 72;

**WHEREAS** the Defendants believe that continued litigation over the Undeliverable Mail Provision will result in the unnecessary expenditure of State resources, and is contrary to the best interests of the State of North Carolina;

**WHEREAS** the Consent Parties, in agreeing to these terms, acting by and through their counsel, have engaged in arms' length negotiations, and the Consent Parties are represented by counsel knowledgeable in this area of the law;

**WHEREAS** the Consent Parties agree that the Consent Judgment promotes judicial economy, protects the limited resources of the Consent Parties, and resolves Plaintiffs' claims regarding the Undeliverable Mail Provision against the Defendants;

**WHEREAS** Plaintiffs agree to a waiver of any entitlement to fees, including attorneys' fees, expenses, and costs against the Defendants with respect to any and all claims raised by Plaintiffs in this action relating to the Undeliverable Mail Provision;

**WHEREAS** it is the finding of this Court that: (i) the Court held in its January 21, 2024 preliminary injunction order that federal law requires notice and an opportunity to be heard or for cure prior to retrieving a ballot pursuant to the Undeliverable Mail Provision, (ii) the terms of this Consent Judgment constitute a fair, adequate, and reasonable settlement of the issues raised with respect to the Undeliverable Mail Provision, and (iii) the Consent Judgment is intended to and does resolve Plaintiffs' claims;

**NOW, THEREFORE**, upon consent of the Consent Parties, in consideration of the mutual promises and recitals contained in this Stipulation and Consent Judgment, including relinquishment of certain legal rights, the Consent Parties agree as follows:

## II.
## JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States. The Court shall retain jurisdiction of this

Stipulation and Consent Judgment for the duration of the term of this Stipulation and Consent Judgment for purposes of entering all orders and judgments that may be necessary to implement and enforce compliance with the terms provided herein.

## III.
## PARTIES

This Stipulation and Consent Judgment applies to and is binding upon the following parties, the "Consent Parties":

    A.    Alan Hirsch, in his capacity as Chair of the North Carolina State Board of Elections;

    B.    All members of the North Carolina State Board of Elections; and

    C.    Karen Bell, in her official capacity as Executive Director of the State Board of Elections;

    D.    The members of the Watauga County Board of Elections;

    E.    Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Destin Hall, in his official capacity as Speaker of the North Carolina House;

    F.    Republican National Committee, North Carolina Republican Party, Virginia A. Wasserberg, and Brenda M. Eldridge; and

    F.    All Plaintiffs.

5

Case 1:23-cv-00861-TDS-JEP     Document 100-1     Filed 04/22/25     Page 5 of 16

# IV.
# SCOPE OF CONSENT JUDGMENT

A.  This Stipulation and Consent Judgment constitutes a settlement and resolution of Plaintiffs' claims against Defendants regarding the Undeliverable Mail Provision. Plaintiffs recognize that by signing this Stipulation and Consent Judgment, they are releasing any claims under federal or state law that they might have against the Undeliverable Mail Provision so long as this Consent Judgment remains in effect.

B.  The Consent Parties to this Stipulation and Consent Judgment acknowledge that this does not resolve or purport to resolve any claims pertaining to the constitutionality or legality of other provisions of North Carolina Senate Bill 747 (2023).

C.  The Consent Parties to this Stipulation and Consent Judgment further acknowledge that by signing this Stipulation and Consent Judgment, the Consent Parties do not release or waive the following: (i) any rights, claims, or defenses that are based on any events that occur after they sign this Stipulation and Consent Judgment, (ii) any claims or defenses that are not encompassed by their challenge to the Undeliverable Mail Provision, and (iii) any right to institute legal action for the purpose of enforcing this Stipulation and Consent Judgment or defenses thereto.

D. By entering this Stipulation and Consent Judgment, Plaintiffs are fully settling a disputed matter between themselves and Defendants regarding the Undeliverable Mail Provision. The Consent Parties are entering this Stipulation and Consent Judgment for the purpose of resolving disputed claims and avoiding the burdens and costs associated with the costs of litigating this matter through final judgment. Nothing in this Stipulation and Consent Judgment constitutes an admission by any party of liability or wrongdoing.

## V.
## INJUNCTIVE RELIEF

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND JUDGED FOR THE REASONS STATED ABOVE THAT:**

A. State Board Defendants are ENJOINED from utilizing the procedures of N.C. Gen. Stat. § 163-82.6B(d) to remove from the official count the votes of the ballot of any voter who has provided contact information in the registration process and whose first notice required under N.C. Gen. Stat. § 163-82.7(c) is returned by the Postal Service as undeliverable before the close of business on the second business day before the county canvass, without first providing such voter notice and an opportunity to remedy the address verification failure. Such notice shall be provided to the voter via U.S. mail and, if the voter provided additional contact information, by telephone and email, within one business day of receiving the

7

undeliverable mail notice. Voters must be permitted to remedy the address verification failure with documentation submitted in person, by mail, by email, or by fax. The documentation must be received by 5 p.m. on the day before county canvass; provided, however, that a voter who is unable to provide the documentation by this deadline may also provide documentation in person at the county canvass, or may address the county board at the county canvass.

      B.      Further, State Board Defendants are ENJOINED from utilizing the procedures of N.C. Gen. Stat. § 163-82.6B(d) to remove from the official count the votes of the ballot of any voter who has provided contact information in the registration process as a result of that voter's first notice required under N.C. Gen. Stat. § 163-82.7(c) having been returned by the Postal Service as undeliverable after the close of business on the second business day before the county canvass; and

      C.      All remaining claims in the Complaints are dismissed without prejudice.[1]

## VI.
## ENFORCEMENT AND RESERVATION OF REMEDIES

      A.      The parties to this Stipulation and Consent Judgment may request relief from this Court if issues arise concerning the interpretation of this Stipulation and Consent Judgment that cannot be resolved through the process described below. This

---

[1] For the avoidance of doubt, the dismissal without prejudice includes Counts IV and V of the DNC Plaintiffs' complaint.

Court specifically retains continuing jurisdiction over the subject matter hereof and the Consent Parties hereto for the purposes of interpreting, enforcing, or modifying the terms of this Stipulation and Consent Judgment, or for granting any other relief not inconsistent with the terms of this Consent Judgment, until this Consent Judgment is terminated. The Consent Parties may apply to this Court for any orders or other relief necessary to construe or effectuate this Stipulation and Consent Judgment or seek informal conferences for direction as may be appropriate. The Consent Parties shall attempt to meet and confer regarding any dispute prior to seeking relief from the Court.

    B.    If any Party believes that another has not complied with the requirements of this Stipulation and Consent Judgment, it shall notify the other Party of its noncompliance by emailing the Party's counsel. Notice shall be given at least one business day prior to initiating any action or filing any motion with the Court.

    C.    The Consent Parties specifically reserve their right to seek recovery of their litigation costs and expenses arising from any violation of this Stipulation and Consent Judgment that requires any Party to file a motion with this Court for enforcement of this Stipulation and Consent Judgment.

# VII.
# GENERAL TERMS

**A.  Voluntary Agreement**. The Consent Parties acknowledge that no person has exerted undue pressure on them to enter into this Stipulation and Consent Judgment. Every Party is voluntarily choosing to enter into this Stipulation and Consent Judgment because of the benefits that are provided under the agreement. The Consent Parties acknowledge that they have read and understand the terms of this Stipulation and Consent Judgment; they have been represented by legal counsel or had the opportunity to obtain legal counsel; and they are voluntarily entering into this Stipulation and Consent Judgment to resolve the dispute among them.

**B.  Severability**. The provisions of this Stipulation and Consent Judgment shall be severable, and, should any provisions be declared by a court of competent jurisdiction to be unenforceable, the remaining provisions of this Stipulation and Consent Judgment shall remain in full force and effect.

**C.  Agreement**. This Stipulation and Consent Judgment is binding. The Consent Parties acknowledge that they have been advised that (i) no other Party has a duty to protect their interest or provide them with information about their legal rights, (ii) signing this Stipulation and Consent Judgment may adversely affect their legal rights, and (iii) they should consult an attorney before signing this Stipulation and Consent Judgment if they are uncertain of their rights.

**D.     Entire Agreement**. This Stipulation and Consent Judgment constitutes the entire agreement between the Consent Parties relating to the enforcement of the Undeliverable Mail Provision. No Party has relied upon any statements, promises, or representations that are not stated in this document. No changes to this Stipulation and Consent Judgment are valid unless they are in writing, identified as an amendment to this Stipulation and Consent Judgment, and signed by all Parties. There are no inducements or representations leading to the execution of this Stipulation and Consent Judgment except as herein explicitly contained.

**E.     Warranty**. The persons signing this Stipulation and Consent Judgment warrant that they have full authority to enter this Stipulation and Consent Judgment on behalf of the Party each represents, and that this Stipulation and Consent Judgment is valid and enforceable as to that Party.

**F.     Counterparts**. This Stipulation and Consent Judgment may be executed in multiple counterparts, which shall be construed together as if one instrument. Any Party shall be entitled to rely on an electronic or facsimile copy of a signature as if it were an original.

**G.     Effective Date**. This Stipulation and Consent Judgment is effective upon the date it is entered by the Court.

**THE PARTIES ENTER INTO AND APPROVE THIS STIPULATION AND CONSENT JUDGMENT AND SUBMIT IT TO THE COURT SO THAT IT MAY BE APPROVED AND ENTERED. THE PARTIES HAVE CAUSED THIS STIPULATION AND CONSENT JUDGMENT TO BE SIGNED ON THE DATES OPPOSITE THEIR SIGNATURES.**

Respectfully submitted, this the 22nd day of April, 2025.

| | |
|---|---|
| ELIAS LAW GROUP LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| /s/ Aria C. Branch<br>ARIA C. BRANCH*<br>WILLIAM K. HANCOCK*<br>ELIAS LAW GROUP LLP<br>250 Mass. Ave. NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>abranch@elias.law<br>whancock@elias.law<br><br>*Special Appearance pursuant to Local Rule 83.1(d) | /s/ Phillip J. Strach<br>PHILLIP J. STRACH<br>N.C. BAR NO. 29456<br>ALYSSA M. RIGGINS<br>N.C. BAR NO. 52366<br>CASSIE A. HOLT<br>N.C. Bar No. 56505<br>301 Hillsborough Street, Suite 1400<br>Raleigh, NC 27603<br>Phone: (919) 329-3800<br>Fax: (919) 329-3779<br>phil.strach@nelsonmullins.com<br>alyssa.riggins@nelsonmullins.com<br>cassie.holt@nelsonmullins.com |
| PATTERSON HARKAVY LLP<br><br>/s/ Narendra K. Ghosh<br>NARENDRA K. GHOSH<br>PAUL E. SMITH<br>PATTERSON HARKAVY LLP<br>100 EUROPA DR., SUITE 420<br>CHAPEL HILL, NC 27217<br>TELEPHONE: (919) 942-5200<br>NGHOSH@PATHLAW.COM<br>PSMITH@PATHLAW.COM<br><br>*Counsel for Voto Latino, the Watauga County Voting Rights Task Force, Down Home North Carolina, and Sophie Jae Mead in matter 1:23-cv-861.* | *Counsel for Intervenors Philip E. Berger and Destin Hall in matters 1:23-cv-861 and 1:23-cv-862.* |

BROOKS, PIERCE, MCLENDON HUMPHREY & LEONARD, LLP

/s/ Shana L. Fulton
SHANA L. FULTON
N.C. BAR NO. 27836
WILLIAM A. ROBERTSON
N.C. BAR NO. 53589
JAMES W. WHALEN
N.C. Bar No. 58477
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, N.C. 27601
Phone: (919) 839-0300
sfulton@brookspierce.com
wrobertson@brookspierce.com
jwhalen@brookspierce.com

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Seth P. Waxman
SETH P. WAXMAN*
DANIEL S. VOLCHOK*
CHRISTOPHER E. BABBITT*
GARY M. FOX*
JOSEPH M. MEYER*
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
gary.fox@wilmerhale.com
joseph.meyer@wilmerhale.com
* Local Rule 83.1(d) special appearance

*Counsel for Plaintiffs Democratic National Committee and North Carolina Democratic Party in matter 1:23-cv-862.*

CHALMERS, ADAMS, BACKER & KAUFMAN, PLLC

By:/s/ Philip R. Thomas
PHILIP R. THOMAS
N.C. BAR NO. 53751
204 N. Person St.
Raleigh, NC 27601
Telephone: 919-670-5185
Facsimile: 678-582-8910
pthomas@chalmersadams.com

BAKER & HOSTETLER LLP

TYLER G. DOYLE (*PRO HAC VICE*)
TEXAS STATE BAR NO. 24072075
RACHEL HOOPER (*PRO HAC VICE*)
TEXAS STATE BAR NO. 24039102
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: 713-751-1600
Facsimile: 713-751-1717
tgdoyle@bakerlaw.com
rhooper@bakerlaw.com

TREVOR M. STANLEY (*PRO HAC VICE*)
DISTRICT OF COLUMBIA BAR NO. 991207
RICHARD RAILE (*PRO HAC VICE*)
DISTRICT OF COLUMBIA BAR NO. 1015689
Washington Square
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
Telephone: 202-861-1500
Facsimile: 202-861-1783
tstanley@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis (*pro hac vice*)
Ohio State Bar No. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216-621-0200

Facsimile: 216-696-0740
plewis@bakerlaw.com

*Counsel for Intervenors Republican National Committee, North Carolina Republican Party, Virginia A. Wasserberg, and Brenda M. Eldridge in matters 1:23-cv-861 and 1:23-cv-862.*

WOMBLE BOND DICKINSON (US) LLP

/s/ Bradley O. Wood
BRADLEY O. WOOD
N.C. STATE BAR NO.: 22392
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 728-7012
Facsimile: (336) 726-6913
E-mail: Brad.Wood@wbd-us.com

*Counsel for Defendants Michael Behrent, Eric Eller, Leta Councill, Matt Walpole, and Elaine Rothenberg in matter 1:23-cv-861.*

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Terence Steed
TERENCE STEED
N.C. BAR NO. 52809
Post Office Box 629
Raleigh, NC 27602
Phone: (919) 716-6900
Fax: (919) 716-6763
tsteed@ncdoj.com

*Counsel for Defendants North Carolina State Board of Elections, Karen Brinson Bell, Alan Hirsch, Jeff Carmon, Stacy Eggers IV, Kevin N. Lewis, and Siobhan O'Duffy Millen*

14

Dated: 4/21/2025

Karen Brinson Bell
Executive Director
North Carolina State Board of Elections

**IT IS SO ORDERED. JUDGMENT SHALL BE ENTERED IN ACCORDANCE WITH THE FOREGOING CONSENT JUDGMENT.**

Dated: _____  _____